[No. 5346.]
[No. 2994 C. A.]

## KEEL v. SCHAUPP.

**1.  Appellate Practice—Findings Based on Conflicting Evidence.**

Where a conflict in the testimony is resolved by the court in favor of one of the parties, such finding cannot be disturbed on appeal.—P. 73.

**2.  Vendor and Vendee—Contract of Sale—Evidence.**

Plaintiff offered certain real estate to defendant for $1,600, and defendant made a memorandum of the price, and replied: "You will hear from me," which statement was again made when later declining an invitation to examine the property. Defendant afterwards wrote plaintiff, asking if he would take $1,200 net, adding: "I think I can make a deal at that figure"; to which plaintiff answered that $1,600 was the least price; and to this defendant replied: "I do not know that I can make a deal at that figure, but will try my best." Later, defendant requested the plaintiff to send a deed, made out in blank as to the consideration and grantee, with an abstract of title, to a bank, and stated that the bank would send plaintiff $1,600, cash, stating that he desired the blanks so that he could fill in the "name and amount to whom I sell." Held, that such facts indicate that defendant was endeavoring to sell the land as broker, and do not show a contract to purchase, for himself.—P. 73.

**3.  Appellate Practice—Prejudice—Ruling on Evidence.**

Where it affirmatively appears that the admission of incompetent evidence was not prejudicial, such ruling does not constitute reversible error.—P. 74.

*Appeal from the District Court of Rio Grande
County.*

*Hon. Chas. C. Holbrook, Judge.*

Action by Enos Keel against John M. Schaupp.
From a judgment for defendant, plaintiff appeals.

*Affirmed.*

Mr. IRA J. BLOOMFIELD, for appellant.

Mr. JESSE STEPHENSON, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of
the court:

This is an appeal from a judgment rendered in
an action brought by appellant, as plaintiff, to re-
cover from appellee, as defendant, the purchase price
of land which plaintiff claimed to have agreed to sell
defendant, and which the latter agreed to purchase.
There was judgment for defendant, from which the
plaintiff appeals.

In his complaint plaintiff alleged, in substance,
that defendant, in writing signed by him, promised
that if plaintiff would execute a warranty deed to
certain premises, leaving the name of the grantee
blank, so that he, the defendant, could fill in the name
of the grantee when he would thereafter sell the
premises, and send such deed to a bank at Fort
Dodge, Iowa, the bank would pay him the sum of
$1,600.00; that plaintiff accepted this offer, and ex-
ecuted and sent the deed as requested, but the pur-
chase price has not been paid.   The defendant
answered, denying that the deed mentioned was sent
on account of any contract of purchase made by him.
To this answer a replication was filed, reiterating
that the deed was sent to the bank by direction of de-
fendant, under an agreement that he was to pay the

purchase price for the land therein described. It appears from the testimony of plaintiff that negotiations with respect to the land in question were first opened between the parties in this state, when plaintiff stated to defendant that he had a place he would sell. At this time plaintiff informed the defendant that $1,600 would buy the land. The defendant made a memorandum of the price, saying: ''You will hear from me.'' Shortly thereafter the parties again met, on a train, at which time plaintiff requested the defendant to stop off and look at the land, but he declined, saying he did not have the time, but stated to the plaintiff: ''You will hear from me in a few days.''

Defendant resided in Iowa, and after his return, there was some correspondence between the plaintiff and himself, the latter writing a letter in which he wanted to know if plaintiff would take $1,200 net, adding: ''I think I can make a deal at that figure.'' To this plaintiff replied, declining the offer, saying that he would take $1,600 for the land, but no less. To this the defendant answered: ''I do not know that I can make a deal at that figure, but will try my best.'' Plaintiff replied that he would not take less than $1,600 cash. Later, the defendant wrote plaintiff as follows:

''I want you to make out a warranty deed, signed by yourself and wife, and bring the abstract down to date, and send all to the First National Bank of Fort Dodge, Iowa, and they will send you sixteen hundred dollars, all cash. * * * I want you, in making the deed, to leave the name and amount blank, so I can fill in the name and amount to whom I sell. You will get $1,600, all cash, from the bank, so it won't matter to you what I get.''

Plaintiff testified that upon receiving this letter he replied, accepting the terms, and shortly there-

after sent the deed and abstract to the bank, as requested. The deed was never taken up, nor the purchase price paid. The defendant testified that when negotiations were first opened, he informed the plaintiff that he did not want to buy the land himself, but that he might be able to sell it for him; to which plaintiff answered he would like to have him do so. Upon this record the trial court found that the defendant never agreed to purchase the land from the plaintiff, but was merely trying to sell it for him. The contention of counsel for plaintiff is, that the testimony establishes that defendant agreed to purchase plaintiff's land, and that plaintiff performed all conditions upon his part.

We are of the opinion that the evidence clearly sustains the finding or conclusion of the trial court, that the defendant never agreed to purchase the land on his own account, but merely undertook to negotiate a sale for a specified sum to be paid the plaintiff. The arrangement between the parties was never reduced to writing, and their agreement must be deduced from the oral testimony and letters which passed between them. There is a conflict in their oral testimony, but this conflict was resolved in favor of the defendant by the trial court, and cannot be disturbed on review. Besides, we think the trial court was right in determining this conflict in favor of the defendant, because the letters between the parties clearly indicate that the defendant merely undertook to negotiate a sale of the premises to some one who would be willing to pay a price over and above that which plaintiff was to receive. Otherwise, the defendant would not have employed the expression in his letter wherein he inquired if plaintiff would take $1,200 net; "I think I can make a deal at that figure"; or have stated, when plaintiff informed him that he would not take less than $1,600,

"I do not know that I can make a deal at that figure, but will try my best"; nor would he have stated, in his letter which the plaintiff seems to rely upon as evidencing the contract which he says he accepted, "I want you, in making the deed, to leave the name and amount blank, so that I can fill in the name and amount to whom I sell. You will get $1,600, all cash, from the bank, so it won't matter to you what I get."

From these letters it is evident that a sale depended upon the defendant finding a purchaser at a price above that which plaintiff was to receive. An arrangement between the owner of land and another, to the effect that the latter will pay a specified sum for such land in the event he finds a purchaser, does not render the person merely undertaking to negotiate a sale upon such conditions liable to the owner as purchaser.

During the course of the examination of defendant he was asked: "Did you at any time tell Mr. Keel that you would purchase his land at any price?" to which he replied: "I did not."

This was objected to by counsel for plaintiff upon the ground that the witness should not be permitted to state his conclusions. The objection was overruled. Conceding that the objection was good, plaintiff was not prejudiced, because we think it is established beyond all dispute by the letters to which we have referred, that defendant never agreed to purchase the land on his own account. The admission of incompetent testimony which it affirmatively appears was not prejudicial, is not reversible error.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.